### CLARK v. CLARK.

Circuit Court, Lake County.

November 24, 1954.

Roy Christopher, Mt. Dora, for plaintiff.

Harry P. Johnson, Tavares, for defendant.

T. G. FUTCH, Circuit Judge.

On December 10, 1953 the plaintiff Doris Clark exhibited her bill of complaint in this court seeking divorce from the defendant James Clark and the custody of and support for, the three children of the parties, James Michael, 8, Doris Jean, 6, and Henry Lowell, 4. As grounds for divorce plaintiff charged her husband with being cruel and indifferent, nagging, quarreling and abuse in general—basing thereon a charge of extreme cruelty. The parties have once before been divorced and remarried.

The defendant filed his answer and a counterclaim basing all their marital difficulties on the intervention of one Jesse Hill to whom he claims his wife transferred her affections in preference to him, and alleging a constant, continuous association by her with Jesse Hill including the reception of Jesse in their home during his absence, alleging that since the institution of divorce proceedings his wife and Jesse have almost constantly cohabited together, particularly during the night-time.

Defendant backed his allegations with his own testimony and testimony by Mr. W. F. Law, Tavares chief of police, and other witnesses.

Plaintiff undertook to counter with testimony from relatives of the offending Jesse, but their testimony instead of disproving the testimony of the husband and his witnesses substantiated it almost completely—Jesse Hill and his visits to and with the plaintiff at her home appeared in the testimony not only of the defendant and his witnesses, but in that of plaintiff's witnesses as well. After all this testimony was in the wife did not see fit to take the stand for the purpose of denying, explaining or justifying in any manner her conduct and that of Jesse Hill. Jesse's proximity to her was as constant as General Grant's presence around Richmond during the closing days of the Civil War. Had Doris tried as hard to get rid of Jesse as she did to keep him shielded from the knowledge of this court, she would have been more successful.

This court is not unaware of the harshness of a decree depriving the mother of the custody of her children, but when, as in this case, the conduct of a mother is in utter disregard of the moral surroundings and welfare of the children there is no other course the court in good conscience can follow. The defendant has established the allegations of his answer and counterclaim and is entitled to a decree of divorce from the plaintiff.

The court is firmly convinced that the best interests of the children will be served by awarding custody of them to the father, James Clark, with reasonable privileges of visitation on the part of the mother, Doris Clark, and decree will be entered accordingly.